IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MELISSA A. MALCOM,

    Plaintiff,

v.                                                      1:23-CV-00051-LF-JFR

TRAVIS KEIM, MARK SANCHEZ,
WILLIAM KELMAN, MICHAEL GARCIA,
BOB CARTER, MANUEL DeMELLO and
LINDSAY DOUGHERTY,

    Defendants.

## ORDER GRANTING REMAND TO STATE COURT

THIS MATTER comes before the Court on plaintiff Melissa Malcom's Motion to Remand, filed January 24, 2023. Doc. 4. Defendants oppose the motion. Doc. 10. Plaintiff filed her reply on February 15, 2023. Doc. 11. Having reviewed the parties' submissions and the relevant law, the Court finds that it lacks subject-matter jurisdiction and will remand this action to New Mexico state court, pursuant to 28 U.S.C. § 1447(c).

## BACKGROUND

Plaintiff filed suit in New Mexico state court on December 8, 2022, alleging intentional infliction of emotional distress, defamation, prima facie tort, and invasion of privacy. *See* Doc. 1-2 at 5–10. Defendants Lindsay Dougherty, Bob Carter, William Kelman, Mark Sanchez, Manuel DeMello, and Michael Garcia (collectively, "defendants") removed the case to this Court on January 18, 2023. Doc. 1.

Plaintiff's claims in this case arise out of contentious relations between two local chapters of the Teamsters union. Plaintiff, a member and employee of New Mexico

Teamsters Local 492 ("NM Local"), has been concerned for nearly fifteen years that Teamsters Local 399 ("CA Local"), located in California, has been "taking jobs away from" members of the NM Local that reside in New Mexico. Doc. 4 at 1. Since 2017, plaintiff has, as an employee of the NM Local, "pushed back against [the CA Local] to protect New Mexico workers." *Id.* at 2. Plaintiff alleges that defendants, each of whom are current members of the CA Local and several of whom were previously members of the NM Local, have engaged in a range of defamatory statements against her via email, social media, and text. *Id.*; *see also* Doc. 1-2 at 7. Plaintiff also alleges that defendants were "part of an effort to remove [her] from a position of authority within [the NM Local]" because of her advocacy. Doc. 4 at 2–3.

## LEGAL STANDARD

There is a presumption against removal jurisdiction, and removal statutes must be narrowly construed. *Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1094–95 (10th Cir. 2005) (internal citations omitted). "The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction." *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002) (internal citations omitted). "As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim." *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 6 (2003). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

## DISCUSSION

Plaintiff's argument is simple: this Court lacks subject matter jurisdiction and must remand because her complaint, which pleads only state tort claims, does not raise any

federal questions. *See* Doc. 4 at 4–6. Defendants argue that plaintiff's claims concern conduct that "occurred in the context of a jurisdiction dispute between two local labor unions" and therefore constitute "a labor dispute implicating federal law"; that is, "[t]he allegations and conduct at issue here are federally protected under and completely preempted by" the Labor Management Reporting and Disclosure Act of 1959 (LMRDA), 29 U.S.C. § 401, *et seq.* Doc. 10 at 1, 5.[1]

Complete preemption is a "rare doctrine" that confers removal jurisdiction only when a federal statute "so pervasively regulate[s its] respective area that it leaves no room for state-law claims." *Devon Energy Prod. Co., L.P. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1204–05 (10th Cir. 2012) (quotations and citation omitted). A statute must have "extraordinary" pre-emptive force to "convert[] an ordinary state common-law complaint into one stating a federal claim . . . ." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) (quotation marks and citation omitted). The Court finds that the LMRDA does not completely preempt plaintiff's state tort claims. Therefore, the Court lacks subject-matter jurisdiction over this action and must remand it.

In the Tenth Circuit, "a claim of complete preemption demands a two-part analysis." *Dutcher v. Matheson*, 733 F.3d 980, 986 (10th Cir. 2013) (quoting *Devon Energy*, 693 F.3d at 1205). First, a court must consider "whether Congress intended to allow removal in such a case, as manifested by the provision of a federal cause of action." *Id.* at 986. If a court finds a federal cause of action that "vindicate[s] the same basic right or interest that would

---

[1] Defendants separately argue that plaintiff's complaint must be analyzed under the doctrine of artful pleading. Doc. 10 at 3–4. However, the "Supreme Court treats the 'artful pleading' and 'complete preemption' doctrines as indistinct." *Bd. of Cnty. Commissioners of Boulder Cnty. v. Suncor Energy (U.S.A.) Inc.*, 25 F.4th 1238, 1256 (10th Cir. 2022) (citing *Rivet v. Regions Bank of La.*, 522 U.S. 470 (1998)).

otherwise be vindicated under state law," it then "ask[s] whether the federal question at issue preempts the state law relied on by the plaintiff."[2] *Devon Energy*, 693 F.3d at 1207, 1205. Because the Court finds that the LMRDA does not provide a federal cause of action that vindicates the rights claimed by plaintiff, it considers only the first prong.

"The LMRDA provides for the protection of union members in their relationship with the union." *Kalish v. Hosier*, 256 F. Supp. 853, 855–56 (D. Colo. 1965), aff'd, 364 F.2d 829 (10th Cir. 1966); *see also Tomko v. Hilbert*, 288 F.2d 625, 628 (3d Cir. 1961) (The LMRDA provides redress when "a union, its officials or its agents" interfere with members' statutory rights.). Section 411 of the LMRDA provides a "[b]ill of rights" that includes, inter alia, equal rights to participation in the union, 29 U.S.C. § 411(a)(1), and freedom of speech and assembly as a union member, *id.* at § 411(a)(2). Section 412 of the LMRDA creates a "[c]ivil action for infringement of rights" that allows "[a]ny person whose rights [under the LMRDA] have been infringed [to] bring a civil action in a district court of the United States." 29 U.S.C. § 412.

However, the LMRDA provides no cause of action that vindicates the rights that plaintiff claims here. Plaintiff seeks relief not for infringement of her rights as a union member, but for personal harm done to her emotional state, reputation, and privacy. *See* Doc. 1-1 at 6–8. Plaintiff is "the master of [her] claim and may prevent removal by choosing not to plead a federal claim even if one is available." *Schmeling v. NORDAM*, 97 F.3d 1336, 1339 (10th Cir. 1996). Reputational damage might infringe on the exercise of rights created

---

[2] These prongs are usually listed in reverse. However, because the Tenth Circuit repeatedly has "cautioned . . . that courts should begin their inquiry with the second prong"—i.e., whether a federal cause of action is provided—this convention seems to serve only to confuse. *See Devon Energy*, 693 F.3d at 1206 (citing *Schmeling v. NORDAM*, 97 F.3d 1336, 1343 (10th Cir. 1996)); *see also Dutcher*, 733 F.3d at 986 ("we usually address the second prong of this analysis first.").

by the LMRDA, especially where the damage was caused by union members during a union dispute. Regardless, that reputational damage is cognizable as a harm in its own right. The LMRDA provides a cause of action, but not one that can vindicate plaintiff's common-law right to her reputation, let alone her rights to be free from intentionally inflicted emotional distress and invasions of privacy. *Cf. Linn v. United Plant Guard Workers of Am., Loc. 114*, 383 U.S. 53, 63–64 (1966) (even the National Labor Relations Act does not preempt state law remedies because they, unlike labor statutes, "have been designed to compensate the victim and enable him to vindicate his reputation"); *Kalish*, 256 F. Supp. At 857 ("Private misconduct which may incidentally frustrate [plaintiff's] rights as a union member does not give rise to an action under the bill-of-rights section [of the LMRDA].") (quoting *Tomko*, 288 F.2d at 629). Indeed, the LMRDA itself provides that "[n]othing in this subchapter shall limit the rights and remedies of any member of a labor organization under any State or Federal law . . . ." 29 U.S.C. § 413. The LMRDA therefore fails the first prong of the complete preemption analysis, and it does not preempt plaintiff's state law claims.

Although the Court's analysis rests entirely on the first prong of the complete preemption test, courts in circuits with no such test have almost uniformly found that the LMRDA is not one of those rare statutes that completely preempts. *See Ross v. Hawaii Nurses' Ass'n Off. & Pro. Emps. Int'l Union Loc. 50*, 290 F. Supp. 3d 1136 (D. Haw. 2018); *Allied Pilots Ass'n v. Criddle*, 2019 WL 13253369 (N.D. Tex. Mar. 5, 2019); *Toensmeier v. Amalgamated Transit Union*, 2016 WL 884644 (D. Or. Mar. 8, 2016); *Hahn v. Rauch*, 602 F. Supp. 2d 895 (N.D. Ohio 2008).

Defendants cite *Davis v. Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am. (UAW)*, 392 F.3d 834 (6th Cir. 2004) (overruled on other grounds), a rare

case where the LMRDA was found to have preemptive effect. However, that out-of-circuit holding is narrow and distinguishable. The decision reviewed in that case found that the LMRDA preempted state law claims only "to the extent 'expressly provided' by Congress," *Davis v. United Auto., Aerospace & Agric. Implement Workers of Am.*, 2003 WL 25720375, at *8 (N.D. Ohio Dec. 31, 2003) (citation omitted), and that "indisputably federal questions" related to a union election could be avoided. *Davis*, 392 F.3d at 839. On review, the Sixth Circuit agreed "that the preemptive scope of the LMRDA is narrow" but found that the plaintiff's prima facie case, including claims of libel and slander, rested on facts already ruled on by the Secretary of Labor. *Id.* at 839–40. Therefore, because those claims "would necessarily require a court to revisit [the Secretary's] finding," the claims were preempted by "Title IV of the LMRDA." *Id.* at 840. This holding thus rests on 1) the interrelation between that plaintiff's claims and a union election and 2) different provisions of the LMRDA than those at issue in this case.

Defendants also argue that plaintiff's claims are based on conduct that "would be protected speech under the LMRDA," and that plaintiff "cannot avoid the federal law implications of the claims she has advanced . . . ." Doc. 10 at 5. Perhaps so, but "a case may not be removed to federal court on the basis of a federal defense . . . even if both parties admit that the defense is the only question truly at issue in the case." *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998) (citing *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 14 (1983)). In short, the LMRDA does not preclude plaintiff's state law claims, and although the LMRDA may furnish defendants with a defense, that defense is not a basis for removal. The Court lacks subject-matter jurisdiction over this case and must remand pursuant to 28 U.S.C. § 1447(c).

IT IS THEREFORE ORDERED that plaintiff's Motion to Remand is GRANTED. The Clerk of the Court is directed to REMAND this matter to the Second Judicial Court of the State of New Mexico.

_____
Laura Fashing
United States Magistrate Judge